IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY MURPHY, and JULIE HENDRIX, individually, | ) ) ) | 2:10-cv-01435-GEB-DAD |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER GRANTING DEFENDANT FORTRESS INVESTMENT GROUP, LLC'S MOTION TO DISMISS[*] |
| CTX MORTGAGE COMPANY, LLC, and DOES 1-50, inclusive, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Defendant Fortress Investment Group, LLC ("Defendant") moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiffs have failed to allege sufficient facts to state viable claims. In the alternative, Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e) and moves to strike Plaintiffs' request for attorneys' fees under Federal Rule of Civil Procedure 12(f). Plaintiffs did not file an opposition or statement of non-opposition as required by Local Rule 230(c).

For the reasons stated below, Defendant's dismissal motion is granted, and Defendant's alternative motions for a more definite

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1 statement and to strike Plaintiffs' request for attorneys' fees are
2 denied as moot.

3                          **I. LEGAL STANDARD**

4       A Rule 12(b)(6) dismissal motion tests the legal sufficiency
5 of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729,
6 732 (9th Cir. 2001).   A pleading must contain "a short and plain
7 statement of the claim showing that the pleader is entitled to relief
8 . . . ." Fed. R. Civ. P. 8(a)(2).   The complaint must "give the
9 defendant fair notice of what the [plaintiff's] claim is and the grounds
10 upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550
11 U.S. 544, 555 (2007).

12      Dismissal of a claim under Rule 12(b)(6) is appropriate only
13 where the complaint either 1) lacks a cognizable legal theory, or 2)
14 lacks factual allegations sufficient to support a cognizable legal
15 theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir.
16 1988).

17      If a Rule 12(b)(6) motion is granted, the "district court
18 should grant leave to amend even if no request to amend the pleadings is
19 made, unless it determines that the pleading could not possibly be cured
20 by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127
21 (9th Cir. 2000) (quotation and citation omitted).

22                              **II.**

23                    **REQUEST FOR JUDICIAL NOTICE**

24      Defendant's motion includes a request that the Court take
25 judicial notice of a number of publically recorded documents. (Def.'s
26 Req. for Judicial Notice in Supp. of Mot. to Dismiss.) However, since
27 Defendant has not shown how these documents are relevant to its motion,
28 the request is denied.

**III. BACKGROUND**

Plaintiffs filed a "Complaint for Breach of Contract and Negligence; and for Temporary Retraining Order; and an Order for Preliminary Injunction" in the Placer County Superior Court on June 11, 2009. (Def.'s Mot. to Dismiss ("Mot."), Ex. A, 1.) Plaintiffs named Defendant as Doe No. 2, and served Defendant with their Complaint on May 11, 2010. (Mot. 3:1-2.) Defendant subsequently removed the state court action to this Court on June 10, 2010, on the basis of diversity jurisdiction under 28 U.S.C. § 1441. (Docket No. 2.)

**IV. DISCUSSION**

Defendant seeks dismissal of Plaintiffs' Complaint arguing,

> Plaintiffs' Complaint does not make <u>any</u> allegations against [it] whatsoever (whether in its own name or as a 'Doe') nor does it seek relief from [Defendant]; therefore, it is impossible to ascertain why Plaintiffs have included [Defendant] in this action.
>
> ....
>
> [T]he sole allegations are as to the alleged wrongs by [Defendant CTX Mortgage Co.] Thus, there is no viable claim against [Defendant], and the Complaint is fatally uncertain.

(Mot. 4:8-12, 4:17-19.)

Plaintiffs have not alleged any conduct by Defendant. Therefore, the Complaint does not give Defendant fair notice of Plaintiffs' claims, and Defendant's dismissal motion is granted. <u>See Alkebu-Lan v. Kane</u>, No. C 06-5991 CW, 2009 WL 1578722, at *3 (N.D. Cal. June 4, 2009). Since all claims against Defendant are dismissed, Defendants' alternative motions to strike and for a more definite statement are denied as moot.

Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint. Further,

Plaintiff(s) are notified that the action may be dismissed with prejudice as to Defendant Fortress Investment Group, LLC under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated:  July 20, 2010

GARLAND E. BURRELL, JR.
United States District Judge