IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MURPHY and JULIE HENDRIX, as individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>CTX MORTGAGE COMPANY, LLC; FORTRESS INVESTMENT GROUP, LLC; and DOES 1-50, inclusive,<br><br>  Defendants. | 2:10-cv-01435-GEB-DAD<br><br><u>ORDER GRANTING DEFENDANT FORTRESS INVESTMENT GROUP, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>* |

Defendant Fortress Investment Group, LLC ("Fortress") moves for dismissal of Plaintiffs' Second Amended Complaint ("SAC") without leave to amend. Fortress argues the motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6), contending that Plaintiffs have failed to allege sufficient facts to state viable claims. Fortress moves in the alternative for a more definite statement under Rule 12(e), and for an order striking Plaintiffs' request for attorneys' fees under Rule 12(f). Plaintiffs oppose the motions.

For the reasons stated below, Fortress's dismissal motion is granted, and it's alternative motions are denied as moot.

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, --- F.3d ----, 2010 WL 5141247, at *3 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).
///

## II. REQUEST FOR JUDICIAL NOTICE

Fortress's motions include a request that the Court take judicial notice of a number of publically recorded documents. (Def.'s Req. for Judicial Notice ¶¶ 1-12.) However, since Fortress has not shown in its request how these documents are relevant to its motion, the request is denied.

## III. BACKGROUND

Plaintiffs allege in their SAC that in June 2006, they obtained two loans from Defendant CTX Mortgage Company, LLC ("CTX"): a $270,000 loan to purchase real property in Roseville, California, and a $355,000 loan to fund the construction of a single-family residence on that real property ("Project"). (SAC ¶¶ 8, 10.) Each loan is secured by its own Note and Deed of Trust. Id. ¶ 10. Plaintiffs further allege in the SAC that they "experienced difficulties in making the regularly scheduled loan payments after the completion of the Project." Id. ¶ 21. Plaintiffs argue in response to Fortress's dismissal motion: "A Notice of Default was recorded on February 19, 2009 in the Placer County Recorder's office showing a default date of January 15, 2008." (Pls.' Response to Def.'s Mot. ("Response") 3:9-11.) Further, Plaintiffs allege in the SAC: "In July 2010, both of these Notes and Deeds of Trust were assigned to DB50-2009-1 Trust."(SAC ¶ 10.)

## IV. DISCUSSION

Fortress argues Plaintiffs' SAC should be dismissed since "Plaintiffs' SAC . . . does not make any substantive allegation[] against Fortress whatsoever (whether in its own name or as a 'DOE') nor does it seek any relief from Fortress; therefore, it is . . . impossible to ascertain why Plaintiffs have included Fortress in this action." (Mot. 6:4-8.) Plaintiffs counter they "previously amended their

1  Complaint twice[, and they] . . . believe they have addressed the
2  shortcomings described in defendant's previous FRCP 12b Motions . . .
3  [, and they] will now stand behind their SAC." (Response 2:7-9.)

4  Plaintiffs allege five claims in their SAC: 1) "Breach of
5  Contract against Defendant CTX"; 2) "Breach of Contract against
6  Defendant M.C. Builders"; 3) "Negligence"; 4) "Negligence against M.C.
7  Builders"; and 5) "Permanent Injunction". (SAC ¶¶ 26-45.) Fortress is
8  mentioned solely in paragraphs three and four of Plaintiffs' SAC, which
9  precede Plaintiffs claims but are incorporated by reference into each
10 claim. Id.

11 Plaintiffs allege in their SAC that Fortress "holds an
12 equitable, if not legal, interest in the Notes and Deeds of Trust[.]"
13 (SAC ¶ 3.) Plaintiffs allege Fortress "continues to hold a beneficial
14 interest in the DB50-2009-1 Trust that has recently acquired both of the
15 Notes and Deed of Trust[.]" Id. Plaintiffs also allege "[d]uring some
16 occasions relevant hereto, Plaintiffs have made mortgage payments to
17 Fortress[; and t]herefore, Plaintiffs believe that Fortress has and
18 continues to hold some interest in the . . . Notes and Deeds of Trust."
19 Id. In addition, Plaintiffs "allege that CTX and/or Fortress created the
20 DB50-2009-1 Trust for the sole purpose of acquiring the legal interest
21 in the Notes and Deeds of Trust[.]" Id. ¶ 4.

22 Fortress argues "it is unclear how [these allegations] relate
23 to any of the claims in the SAC." (Mot. 6:14-15.) Plaintiffs counter
24 arguing they "believe that Fortress was the holder of the beneficial
25 interest under one or more of the deeds of trust at some point, even
26 though this was not disclosed in the public records because MERS
27 continued to be the nominal beneficiary." (Response 5:17-19.) Plaintiffs
28 also argue "Fortress is or was at one time, an investor" and "[a]s a

4

successor to CTX, Fortress [is] subject to the claims and defenses that plaintiffs could assert against CTX." Id. 6:17, 7:6-7. However, Plaintiffs have not plead these allegations in their SAC; nor have Plaintiffs alleged any facts that would support these allegations.

Plaintiffs' conclusory allegations against Fortress offer nothing "more than a sheer possibility that [Fortress] . . . acted unlawfully." Moss, 572 F.3d at 969. Therefore, Plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face" and Defendant's dismissal motion is granted. Twombly, 550 U.S. at 570.

Further, Plaintiffs have had repeated opportunities to amend and argue "they have addressed the shortcomings described in defendant's previous" motions and "will now stand behind their SAC." (Response 2:7-9.) Plaintiffs state they "will now stand behind their SAC", and thereby convey they cannot allege facts sufficient to support a claim against Fortress. Plaintiffs' claims against Fortress are dismissed with prejudice in light of Plaintiffs' position that they "will now stand behind their SAC."

## V. CONCLUSION

For the reasons stated, Plaintiffs' claims against Fortress are dismissed with prejudice, and Fortress is dismissed as a party in this action.

Dated:  February 17, 2011

GARLAND E. BURRELL, JR.
United States District Judge

5